

# Fourth Court of Appeals

### San Antonio, Texas

## CONCURRING OPINION

No. 04-14-00131-CV

**IN THE INTEREST OF C.G.**, Jr., a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02761
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Marialyn Barnard, Justice
Concurring Opinion by:  Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  June 25, 2014

I concur in the majority opinion because I agree the result is required under our sufficiency standards of review. However, I write separately to express my concern that the Department's termination process, once initiated, worked a disservice on a parent who has been making consistent efforts to comply with the Department's family service plan for return of the child.

Appellant C.G. appeals the trial court's finding that termination of his parental rights is in the best interest of his child. He asserts the evidence presented at the hearing is both legally and factually insufficient to support the finding under the Department's "clear and convincing" burden of proof. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.001(2) (West 2014); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). A review of the evidence in the record shows that appellant completed his psychological evaluation, a "Midcoast" assessment, a parenting class, and an anger management class as required by the Department's service plan; he testified that he also completed individual

counseling in Florida. With respect to child support, appellant testified he has made support payments through "Moneygram," instead of the child support office because the office did not have a record of his name. Appellant has stable employment in Florida and an apartment where the child would have his own room. Appellant has consistently exercised his visitation rights while in Florida, traveling to Texas to visit his child once a month, the only exception being a three-month period for lack of travel funds and a desire to obtain a car and apartment to care for his son. Appellant stated he intends to move to Texas to be closer to his child, but conceded that a pending misdemeanor theft charge in Florida prevented his immediate return to Texas. The record does not include any evidence of the pending charge, and we must avoid speculation about how its resolution may affect appellant. As pointed out by the majority, there was no evidence that when he was apparently using marijuana that he did so "in a manner that endangered the health and safety of the child." *See* TEX. FAM. CODE ANN. § 161.001(1)(P) (West 2014). However, although appellant testified he had completed individual counseling, he apparently did not complete court-ordered drug treatment. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2014).

The evidence that termination is in the child's best interest consisted of the caseworker's testimony that appellant's visitation with his child has been sporadic over the two years the Department has been involved, that he has not stayed in consistent contact with the child's caretakers or the caseworker, and that he tested positive for marijuana use three times in 2013.[1] In addition, the case worker testified that the child has been living with his maternal grandparents for more than a year and is doing well. The grandparents intend to adopt the child, along with his half-sister, which would keep the siblings together.

---

[1] Appellant testified that he previously used marijuana for pain relief due to a broken leg, and has not used drugs of any kind since October 2013.

I cannot agree with appellant that such evidence is legally or factually insufficient to support the "best interest" finding, although I do believe the record reflected appellant's significant efforts to achieve the return of his son. Undoubtedly, the trial court considered appellant's substantial compliance before reaching a firm belief or conviction that termination was in the child's best interest.

Rebeca C. Martinez, Justice